STUBNER v. RAYMOND

(July 1, 1931. Opinion and Decree.)

E. B. Charbonnet, of New Orleans, attorney for plaintiff, appellee.

Edward Rightor, Edwin J. Prinz and Henry G. Neyrey, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. In this suit plaintiff seeks to collect the sum of $129.81 alleged to be due him as the purchase price of two surveys of the steel construction of a proposed public school known as the Behrman School.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

It appears from the record that the defendant, Harold Raymond, is a contractor doing business in the city of New Orleans and that the plaintiff is an engineer and has been engaged in the business of estimating the amount of steel required in certain proposed buildings and in supplying the contractors with a survey for use in connection with the preparation of their bids, the understanding being that if the successful bidder be one of his clients the entire cost of the survey should be borne by the contractor receiving the award but should an outsider be given the contract then the cost would be divided among those who received a copy of his survey. In this instance the award was made to an outsider and the defendant is called upon to pay his proportionate share of the expense of the survey.

Defendant denies having any contractual relations with plaintiff, and also states that he has not been in the habit of using plaintiff's surveys, it being his practice to make his own surveys. It is true that plaintiff has failed to show that defendant

was one of his regular customers or that he was a party to the original agreement under which these surveys were distributed, but the circumstances under which the survey was sent to Mr. Raymond's office and his conduct thereafter with reference thereto seem to us to involve him with responsibility for payment of plaintiff's charges.

Mrs. Kinnear, a clerk in plaintiff's office, testified that Mr. Raymond, as well as all the customers of plaintiff, was called over the phone and asked whether he desired a copy of the survey on the Behrman School, and that he replied, "Yes, of course, I want them"; that she phoned him in the belief that he was one of her employer's customers; that they had furnished him several surveys in the past and had had dealings with him ever since she had entered the employ of Mr. Stubner. Raymond was unable to deny this conversation with Mrs. Kinnear, though he was of the opinion that it had not occurred. He admitted the receipt of the plans and that he had retained them without comment.

We find as a fact that defendant ordered the surveys and kept them without complaint or objection. If he had any doubt as to the terms under which the plans were supplied him, he should have inquired. Not having done so and having accepted the plans, he should pay the customary price. This was the opinion of the trial court upon the issue of fact which alone is involved and we believe its judgment to be correct.

For the reasons assigned the judgment appealed from is affirmed.

DUNBAR and MORENO, Judges ad hoc, participating.